(SPACE BELOW FOR FILING STAMP ONLY)

**ROGER D. WILSON SBN192207**
LAW OFFICE OF ROGER D. WILSON
2377 West Shaw Avenue, Suite 208
Fresno, California 93711
Telephone: (559) 233-4100
Facsimile: (559) 746-7200
Email: roger@wilson-law.com

Attorney for Claimants:
    ARTHUR AVE. CONSULTING, INC.,
    MARTEL 3D, LLC,
    DOLARIAN CAPITAL, INC., and
    ARA G. DOLARIAN

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>APPROXIMATELY $3,801,034.94 IN U.S. CURRENCY SEIZED FROM CITIBANK ACCOUNT NUMBER 206054579 HELD IN THE NAME OF ARTHUR AVE. CONSULTING, INC. AND/OR PROPERTY TRACEABLE THERETO,<br><br>APPROXIMATELY $21,865.67 IN U.S. CURRENCY SEIZED FROM CITIBANK ACCOUNT NUMBER 205912785 HELD IN THE NAME OF ARTHUR AVE. CONSULTING, INC. AND/OR PROPERTY TRACEABLE THERETO,<br><br>APPROXIMATELY $2,031,022.25 IN U.S. CURRENCY SEIZED FROM BANK OF AMERICA ACCOUNT NUMBER 325016557963 HELD IN THE NAME OF MARTEL 3D, LLC AND/OR PROPERTY TRACEABLE THERETO, | Case No.: **1:15-cv-00954-DAD-SKO**<br><br>**CLAIMANTS ARTHUR AVE. CONSULTING, INC. (A California Corporation), MARTEL 3D, LLC (A California Corporation), DOLARIAN CAPITAL, INC., (A California Corporation), and ARA G. DOLARIAN'S ANSWER TO PLAINTIFF'S COMPLAINT FOR FORFEITURE *IN REM*.** |

APPROXIMATELY $120,883.59 IN U.S. CURRENCY SEIZED FROM BANK OF AMERICA ACCOUNT NUMBER 000577161654 HELD IN THE NAME OF MARTEL 3D, LLC AND/OR PROPERTY TRACEABLE THERETO,

  Defendants, and

ARTHUR AVE. CONSULTING, INC. (A California Corporation), MARTEL 3D, LLC (A California Corporation), DOLARIAN CAPITAL, INC., (A California Corporation), and ARA G. DOLARIAN,

  Claimants.

## ANSWER TO COMPLAINT FOR FORFEITURE *IN REM*

  Claimants, ARTHUR AVE. CONSULTING, INC. (A California Corporation), MARTEL 3D, LLC (A California Corporation), DOLARIAN CAPITAL, INC., (A California Corporation), and ARA G. DOLARIAN (collectively referred to as "Claimants"), by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to the Plaintiff's Civil Complaint for Forfeiture *In Rem* and say:

### Nature of the Action

  1. Claimants assert that the allegations in the Paragraph to this subsection of the Complaint are legal conclusions to which no response is required. To the extent the Court requires a response, Claimants assert that the statutes referenced the Paragraph to this subsection of Plaintiff's Complaint speak for themselves and therefore Plaintiff's allegations are denied.

### Jurisdiction and Venue

  2. Claimants have insufficient knowledge and information from which to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and on that basis deny the allegations and demand strict proof therein.

  3. Claimants have insufficient knowledge and information from which to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and on that basis deny the

allegations and demand strict proof therein.

### The Defendants-In-Rem

4. Claimants admit that funds were seized from a Citibank account held in the name of Arthur Ave. Consulting, Inc., as stated in Paragraph 3.a. of the Complaint. Claimants deny the characterization of the funds as Defendant In Rem. Accordingly, the Claimants deny that such Defendant property has been properly identified in the Complaint and, therefore, should be excluded from this Complaint.

5. Claimants admit that funds were seized from a Citibank account held in the name of Arthur Ave. Consulting, Inc., as stated in Paragraph 3.b. of the Complaint. Claimants deny the characterization of the funds as Defendant In Rem. Accordingly, the Claimants deny that such Defendant property has been properly identified in the Complaint and, therefore, should be excluded from this Complaint.

6. Claimants admit that funds were seized from a Bank of America account held in the name of Martel 3D, LLC, as stated in Paragraph 3.c. of the Complaint. Claimants deny the characterization of the funds as Defendant In Rem. Accordingly, the Claimants deny that such Defendant property has been properly identified in the Complaint and, therefore, should be excluded from this Complaint.

7. Claimants admit that funds were seized from a Bank of America account held in the name of Martel 3D, LLC, as stated in Paragraph 3.d. of the Complaint. Claimants are without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 3.d. of the Complaint and therefore deny all remaining allegations contained therein.

8. Claimants admit the funds from accounts described in Paragraphs 3.a., 3.b., 3.c., and 3.d. of the Complaint were seized by agents from the United States Department of Homeland Security on or about February 5, 2015 as asserted in Paragraph 4 of the Complaint. Claimants are without sufficient knowledge of who has custody of those seized funds.

### Facts Supporting Forfeiture

9. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and therefore deny all such allegations

contained therein.

10. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and therefore deny all such allegations contained therein.

11. Claimants assert that the allegation in Paragraph 7 of the Complaint is a legal conclusion to which no response is required. To the extent the Court requires a response, Claimants are without sufficient knowledge to form a belief as to the thoughts and legal findings of United States Magistrate Judge Gary Austin.

12. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and therefore deny all such allegations contained therein.

13. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and therefore deny all such allegations contained therein.

**FIRST CLAIM FOR RELIEF**
**(18 U.S.C. § 981(a)(1)(C)—Proceeds of an AECA Violation)**

14. With regard to Paragraph 10 of the Complaint, Claimants assert all responses made to Paragraphs 1 through 9 of the Complaint are re-alleged and incorporated, herein, by reference.

15. Claimants assert that the allegations in Paragraph 11 to the Complaint are legal conclusions to which no response is required. To the extent the Court requires a response, Claimants assert that the statutes referenced the Paragraph 11 to Plaintiff's Complaint speak for themselves and therefore Plaintiff's allegations are denied.

16. Claimants assert that the allegations in Paragraph 12 to the Complaint are legal conclusions to which no response is required. To the extent the Court requires a response, Claimants assert that the statutes referenced the Paragraph 12 to Plaintiff's Complaint speak for themselves and therefore Plaintiff's allegations are denied.

17. Claimants assert that the allegations in Paragraph 13 to the Complaint are legal conclusions to which no response is required. To the extent the Court requires a response,

Claimants assert that the statutes referenced the Paragraph 13 to Plaintiff's Complaint speak for themselves and therefore Plaintiff's allegations are denied.

### Conclusion

18. The remainder of Plaintiff's Complaint, beginning with the word "WHEREFORE" constitutes a prayer for specific relief to which no answer is required. To the extent a response is appropriate, Claimants deny that the relief requested is proper or justified by the facts of this case.

19. **Claimants deny any and all allegations not specifically admitted above.**

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claim that Claimants violated 22 U.S.C. §§ 2778 *et seq.*, the Arms Export Control Act which subjected the defendant property to this civil forfeiture pursuant to 18 U.S.C. 981(a)(1)(C), is a claim upon which relief cannot be granted in this case because the Claimants were engaged in a legal business enterprise.

### Second Affirmative Defense

Claimants acted in good faith at all times relevant to the Complaint.

### Third Affirmative Defense

Plaintiff is estopped from pursuing this civil forfeiture action because it has failed to conduct an adequate investigation and filed its Complaint without sufficient prior analysis of the facts or understanding of the business transactions between Claimants and Societe D'Equipments Internationaux Nigeria, Ltd. ("SEI") and SEI's breach of contract.

### Fourth Affirmative Defense

The allegations contained in Plaintiff's Complaint are compound, vague and ambiguous.

### Fifth Affirmative Defense

Claimants, as innocent owners of the seized property, did not know, or have any reason to know, that the property in question was being employed or was likely to be employed in criminal activity.

### Sixth Affirmative Defense

Plaintiff's seizure of the defendant property violates the Claimants' Fourth Amendment

right to be free from illegal searches and seizures.

### Seventh Affirmative Defense

Plaintiff is estopped from obtaining a forfeiture judgment because it obtained the seizure warrants through incorrect, misleading or incomplete allegations.

### Eighth Affirmative Defense

Plaintiff cannot obtain a forfeiture judgment pursuant to the unclean hands doctrine.

### Ninth Affirmative Defense

Plaintiff cannot obtain the forfeiture it seeks because that result would be constitutionally disproportionate.

### Tenth Affirmative Defense

Plaintiff is estopped from obtaining a forfeiture judgment in order to provide restitution to victims because it is the government that created the victims by prematurely seizing the property.

### Eleventh Affirmative Defense

Plaintiff cannot obtain a forfeiture judgment because it has not acted in good faith.

### RESERVATION OF RIGHTS

Claimants hereby reserve the right to add, supplement, modify, change or amend any and all of its Affirmative Defenses as the facts and circumstances become known through further discovery and/or investigation.

### CLAIMANTS' DEMAND FOR JURY TRIAL

Claimants hereby demand a trial by jury of all issues so triable.

\\\\
\\\\
\\\\
\\\\
\\\\
\\\\
\\\\
\\\\

**PRAYER FOR RELIEF**

WHEREFORE, Claimants pray:

1. That Plaintiff takes nothing by its Complaint and for a judgment in favor of Claimants;

2. That Claimants be awarded its costs of suit, including reasonable attorney's fees; and,

3. Any further relief in Claimants' favor this Court may find just and proper.

Respectfully submitted.

                                                        LAW OFFICE OF ROGER D. WILSON

Date: May 31, 2017    By:    */s/Roger D. Wilson*
                                                     **ROGER D. WILSON**
                          Attorney for Claimants ARTHUR AVE. CONSULTING, INC. (A California Corporation), MARTEL 3D, LLC (A California Corporation), DOLARIAN CAPITAL, INC. (A California Corporation), ARA G. DOLARIAN

# CERTIFICATE OF SERVICE

I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2377 West Shaw Avenue, Suite 208, Fresno, California 93711.

I served the foregoing document described as: **CLAIMANTS ARTHUR AVE. CONSULTING, INC. (A California Corporation), MARTEL 3D, LLC (A California Corporation), DOLARIAN CAPITAL, INC., (A California Corporation), and ARA G. DOLARIAN'S ANSWER TO PLAINTIFF'S COMPLAINT FOR FORFEITURE *IN REM*, AFFIRMATIVE DEFENSES, PRAYER FOR RELIEF, AND JURY TRIAL DEMAND**, on the interested parties in this action at the addresses below:

> BENJAMIN B. WAGNER
> United States Attorney
> **JEFFREY A. SPIVAK**
> Assistant United States Attorney
> United States Courthouse
> 2500 Tulare Street, Suite 4401
> Fresno, California 93721
> Jeffrey.spivak@usdoj.gov

[ ]   BY PERSONAL SERVICE

[**X**]   BY ELECTRONIC MAIL

[ ]   BY FACSIMILE

[ ]   BY OVERNIGHT DELIVERY VIA FEDERAL EXPRESS: by placing the envelope for collection and delivery on the date and at the place shown below following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing and delivery service. On the same date the correspondence is placed for collection and delivery service, it is deposited in the ordinary course of business with the Federal Express company in a sealed envelope with postage fully prepaid.

[ ]   BY U.S. MAIL: by placing the envelope for collection and mailing on the date and at the place shown below following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same date the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury that the above is true and correct.

EXECUTED on May 31, 2017, at Fresno, California.

*/s/ Roger D. Wilson*
Roger D. Wilson