1 | LAW OFFICES OF JOVI USUDE:
**JOVI USUDE, -** Bar No.: 212895
2 | 14602 VICTORY BOULEVARD, SUITE 220
VAN NUYS CALIFORNIA 91411
3 | Telephone:  (818) 988-9111; Fax:  (818) 988-9118

4 | ATTORNEYS FOR PETITIONER THE FEDERAL REPUBLIC OF NIGERIA

5 |

6 | IN THE UNITED STATES DISTRICT COURT

7 | EASTERN DISTRICT OF CALIFORNIA

8 |

9 | THE UNITED STATES OF AMERICA,               )       CASE No.: 1:15-CV00954-DAD-EPG
                                              )
10 |                Plaintiff,                  )
                                              )
11 |                                           )
                                              )
12 | vs.                                       )       CLAIMANT THE FEDERAL REPUBLIC
                                              )       OF NIGERIA'S CLAIM AND PETITION
                                              )       TO REQUEST FOR A HEARING TO
13 |                                           )       DETERMINE THE VALIDITY OF THE
                                              )       COMPLAINT FOR FORFEITURE IN
14 | APPROXIMATELY $3,801,034.94 IN            )       REM
U.S. CURRENCY SEIZED FROM                     )
15 | CITIBANK ACCOUNT NUMBER                   )
206054579 HELD IN THE NAME OF                 )
16 | ARTHUR AVE. CONSULTING, INC.              )
AND/OR PROPERTY TRACEABLE                     )
17 | THERETO.                                  )       Judge: The Honorable Erica P. Grosjean
                                              )
18 | APPROXIMATELY $21,865.67 IN U.S.          )
CURRENCY SEIZED FROM CITIBANK                 )
19 | ACCOUNT NUMBER 205912785 HELD             )
IN THE NAME OF ARTHUR AVE.                    )
20 | CONSULTING, INC. AND/OR                   )
PROPERTY TRACEABLE THERETO.                   )
21 |                                           )
APPROXIMATELY $2,031,022.25 IN                )
22 | U.S. CURRENCY SEIZED FROM BANK            )
OF AMERICA ACCOUNT NUMBER                     )
23 | 325016557963 HELD IN THE NAME OF          )
MARTEL 3D, LLC. AND/OR PROPERTY               )
24 | TRACEABLE THERETO; AND                    )
                                              )
25 | APPROXIMATELY $120,883.59 IN U.S.         )
CURRENCY SEIZED FROM BANK OF                  )
26 | AMERICA ACCOUNT NUMBER                    )
000577161654 HELD IN THE NAME OF              )
27 | MARTEL 3D, LLC. AND/OR PROPERTY           )
TRACEABLE THERETO.                            )
28 |                                           )

CLAIM & PETITION TO DETERMINE VALIDITY OF INTEREST IN PROPERTY

1 |  Defendants.  )
|  _____)
2 |  )
|  THE FEDERAL REPUBLIC OF NIGERIA  )
3 |  )
|  Petitioner.  )
4 |  )
|  )
5 |  _____)

6  COMES NOW THE CLAIMANT "THE FEDERAL REPUBLIC OF NIGERIA," (Hereinafter,

7  THE "CLAIMANT THE FRN") and alleges as follows:

8  THE CLAIMANT, THE FEDERAL REPUBLIC OF NIGERIA -"THE FRN," through its counsel

9  and pursuant to 21 U.S.C. § 853(n), petitions the Court for a hearing to determine the validity of

10  Claimant's claim in the complaint for forfeiture in rem in the pending action before this Court.

11  **FACTS SUPPORTING PETITIONER'S CLAIM:**

12  1.  On or around May 18, 2014, and June 09, 2014, the "CLAIMANT THE FEDERAL

13  REPUBLIC OF NIGERIA - THE FRN" by and through its agent the NIGERIAN

14  NATIONAL SECURITY ADVISOR'S OFFICE wired two payments in the sum of

15  ($9,999,999), for a total of ($19,999,980) to SK-SAWKI LIMITED HONG KONG

16  FURNITURE COMPANY AND SOULEYMANE AND KABIROU for the procurement of

17  Technical Equipment.

18  2.  It has been established through database that SK-SAWKI was established in Hong Kong by

19  two citizens of Niger identified as Kabirou Abdoulkadri and Souleymane Sido. It has been

20  confirmed that these two men reside in China. It has also been established that SK-SAWKI

21  is registered as a furniture company in Hong Kong.

22  3.  The NIGERIAN NATIONAL SECURITY ADVISOR'S OFFICE (NSAO), is an entity of

23  the Nigerian Government and the "CLAIMANT THE FEDERAL REPUBLIC OF NIGERIA

24  - THE FRN" under the office of the President, and is located in the Three Arms Zone of

25  Abuja, Nigeria.

26  4.  The (NSAO) was given about $1 billion by the Nigerian Government in 2014, for the

27  purchase of military equipment for the country.

28  //

CLAIM & PETITION TO DETERMINE VALIDITY OF INTEREST IN PROPERTY

5. Specifically, in or around September 2014,("DOLORIAN CAPITAL INC. - hereinafter DCI"),  negotiated with arms vendors and made payments to arms merchants for the acquisition of weapons intended to be transferred to Nigeria, and "DCI" received funds of about $8,618,647.00 in wire transfer through "CLAIMANT THE FRN's" agents - intermediaries for the payment of the weapons contracted between June and September 2014, intended for Nigeria.

6. The "CLAIMANT THE FRN" later discovered that the funds paid to "DCI" were not held in an escrow account but were used to pay a "DCI" agent in the Czech Republic and for other expenses, and were transferred to various bank accounts controlled by "DCI."

7. Unknown to the "CLAIMANT THE FRN," the "DCI" did not have a license to engage in the sale and export, import and brokering of military products in violation of 22 U.S.C. § 2778, et seq.

8. At the time the "CLAIMANT THE FRN" made the payment for the purchase of the weapons the "CLAIMANT THE FRN" had no knowledge of "DCI's" violation of various laws pertaining to laws of the United States concerning the sales of military weapons to a foreign government.

9. At the time the "CLAIMANT THE FRN" entered into the sales contract for the purchase of the weapons the "DCI" and its agents failed to disclose to the "CLAIMANT THE FRN" that "DCI" did not have any license to engage in the sale and export of military products.

10. The "CLAIMANT THE FRN" seeks to recover all its funds and is a victim of fraudulent practice by "DCI" and its agents who misrepresented its status as a license and legitimate broker of military weapons at the time the parties entered into the contract for the purchase of the weapons for the Nigerian Government.

11. Particularly, on or around June 17, 2014, SK-SAWKI wired from a Hong Kong Bank Account  the sum of $4,998,647 to a JP Morgan Bank Account that was opened by Mr. Myron Smith in Fresno California.

12. On or around September 11, 2014, "SOCIETE D'EQUIPMENTS INTERNATIONAUX (in Abuja, Nigeria) - by and through Mr. HIMA ABOUBAKAR (a Niger Citizen) wired the sum

of about $3.6 million to Mr. MYRON SMITH (Attorney in Fresno California) for the purchase of military weapons for the Nigerian Government.

13.   These two wire transfers totaled $8,618,647.00. And between September 08, 2014, and September 23, 2014, Mr. SMITH and/or others moved $6,826,855.52 of the $8,618,647.00 into an account opened under the name "MARTEL 3D" (Savings Account).

14.   Over a period of several months in 2014, Mr. SMITH and other parties opened different bank accounts where the funds received were distributed and moved into these accounts. The funds received from the "CLAIMANT THE FRN" were traced to various bank accounts identified in the United States subpoena issued for the seizure of the funds received from the Nigerian Government.

## THE "CLAIMANT THE FEDERAL REPUBLIC OF NIGERIA - THE FRN
## IS MAKING A CLAIM TO THESE FUNDS:

15.   Upon the discovery and information that probable cause existed that "DCI" and its agents were in violation of United States Arms Export Control Act (AECA"), 22 U.S.C. § 2778, et seq, as "DCI" was not licensed and authorized to engage in the sale, export and import of military weapons. The United States Government issued a warrant with probable cause and seized the funds up to and including the amount of approximately $3,801,034.94 in U.S. Currency seized from Citibank Account Number 206054579 held in the name of Arthur Ave. Consulting, Inc. (The "Arthur Ave. Money Market Funds").

16.   Funds up to and including the amount of approximately $21,865.67 in U.S. Currency seized from the Citibank Account Number 205912785 held in the name of Arthur Ave. Consulting, Inc. (The Arthur Ave. Checking Account Funds").

17.   Funds of up to the amount of approximately $2,032,022.25 in U.S. Currency seized from Bank of America Account Number 325016557963 held in the name of Martel 3D, LLC. (The "Martel 3D Savings Account Funds").

18.   Funds up to and including the amount of approximately $120,883.59 in U.S. Currency seized from Bank of America Account Number 000577161654 held in the name of Martel 3D, LLC. (The "Martel 3D Checking Account Funds and, together with the Arthur Ave. Money market

1    Funds, the Arthur Ave. Checking Account Funds, and Martel 3D Savings Account Funds,
2    together collectively, the "Defendant Currency").

3  19.    The Defendant Currency was seized on or about February 02, 2015, and is in the custody of
4    the United States Department of Homeland Security, the United States Customs and Border
5    Protection.

6  20.    All the above identified funds currently in the possession of the United States Government
7    are being held in Constructive Trust for the Nigerian Government who has now demanded
8    that the money be released forthwith to the "CLAIMANT THE FRN."

9  21.    The funds sent by "S.E.I" was for the procurement of weapons on behalf of the Nigerian
10    Government. Furthermore, the "CLAIMANT THE FRN" was not aware that the funds
11    "S.E.I" and it agents were in violation of the laws of the United States Government
12    specifically the "AECA, 22 U.S.C. § 2778, et seq., when the Nigerian Government
13    contracted for the supply and delivery of military weapons for the protection of its borders.

14 22.    The "CLAIMANT THE FRN" was no aware that "S.E.I" and "DCI" and it agents were not
15    lawfully registered with the United States Government or other public agencies and lacked
16    the proper registration for the transaction.

17 23.    The "CLAIMANT FRN" later discovered "DCI" and its agents did not have a license to
18    engage in the sale and export, import and brokering of military products in violation of 22
19    U.S.C. § 2778, et seq.  "DCI" and its agents failed to disclose to the "CLAIMANT THE
20    FRN" that "DCI" did not have any license to engage in the sale and export of military
21    products.

22 24.    The "CLAIMANT THE FRN" was and is a victim of fraudulent conducts by "DCI" and its
23    agents when "DCI" misrepresented its status as a licensed and legitimate broker of military
24    weapons at the time the parties entered into the contract for the purchase of the weapons.

25 25.    The "CLAIMANT THE FRN" further alleges that the "DCI," is a State of California
26    Licensed Business Entity, and at all times herein mentioned, has done business within the
27    State of California.

28  //

26. The "CLAIMANT THE FRN" is informed, and based upon such information believes that INDIVIDUAL ARA G. DOLORIAN, (hereinafter "ARA DOLORIAN") is now, and, at all times the president, an agent, an employee, manager, supervisor, of "DOLORIAN CAPITAL INC. - DCI," an acted under the scope and authority, and/or the supervision of the owners and/or management company in regards to the subject transaction that gave rise to this claim.

27. The "CLAIMANT THE FRN" is ignorant of the true names and capacities of any and all other parties who may have contributed to, and/or are responsible in some manner for the acts or omissions herein alleged by the "CLAIMANT THE FRN" resulting in the claimant's damages  herein alleged were proximately caused by these acts or omissions.

28. The "CLAIMANT THE FRN" acted lawfully and in good faith at relevant times when it entered into a contract with "SK-SAWKI" and its agents including "DCI," for the purchase of the weapons based on the understanding that these parties were legally licensed brokers of military weapons.

29. The "CLAIMANT THE FRN" is the bona fide owner of the funds in the amount of $8,618,647.00 paid to SK-SAWKI, and its agents "DCI" that was wired from Nigeria that is now in the possession of the United States Government.

30. At the time the funds were wired to the "SK-SAWKI" and through its agents the "DCI," the "CLAIMANT THE FRN" had the right, title or interest in the funds that was to be used for the purchase of the weapons for the benefits of the Nigerian Government.

31. At the time the funds were transferred to "SK-SAWKI" and its agents the "DCI," the "CLAIMANT THE FRN" reasonably without cause did not believe that the funds would be the subject of any forfeiture proceedings.

32. The "CLAIMANT THE FRN" hereby seek to recover the money in the possession of the United States Government that seized from "DCI" and its agents based on the fact that "DCI" and its agents failed to perform their obligations and deliver the weapons as promised after the parties entered into contract.

33. The "CLAIMANT THE FRN" believes that the "SK-SAWKI" and its agents including "DCI" induced the "CLAIMANT THE FRN," and promised to deliver all the weapons at the

1        time the parties signed the contract even though these parties knew it was not a licensed

2        military weapons broker and was not able to perform on the contract.

3 34.   The UNITED STATES OF AMERICA is estopped from asserting a forfeiture of the funds

4        paid to the "DCI" through "SK-SAWKI" or its agents because there is no evidence to show

5        that the "CLAIMANT THE FRN" was involved in the criminal acts and violation of any

6        laws by "DCI" and it agents.

7 35.   The "CLAIMANT THE FRN" is a victim in that "SK-SAWKI" and its agents including

8        "DCI" knowingly and with utter disregard for the laws of the United States of America failed

9        to register as a licensed weapons broker in violation of 22 U.S.C. § 2778, et seq.

10 36.   The factual basis for the UNITED STATES OF AMERICA's complaint for forfeiture of the

11        funds is without any basis, vague, ambiguous, and does not allege any wrongdoing on the

12        bona fide owner the "CLAIMANT THE FRN."

13 37.   The UNITED STATES OF AMERICA is estopped from obtaining a forfeiture of the funds

14        because its attempt to any interest in the property is incorrect, misleading and lack the

15        complete allegations as to the proper owner of the funds.

16 38.   The UNITED STATES OF AMERICA cannot obtain the forfeiture of the funds it seeks

17        because the result of its actions would be constitutionally disproportionate.

18 39.   The "CLAIMANT THE FRN" reserves the right to add to, supplement, modify, change, or

19        amend any of the foregoing statements of facts and circumstances become fully known

20        through further discovery and investigation.

21                      **RELIEF REQUESTED AND PRAYER FOR RELIEF**

22        WHEREFORE, NAMED PLAINTIFF prays judgment against DEFENDANTS and each of

23        them, as follows:

24 1.   That the Court schedule a hearing on this petition in the manner set forth in 221 U.S.C. §

25 853to determine that the "PETITIONER THE FEDERAL REPUBLIC OF NIGERIA" is entitled

26 to the immediate and exclusive possession of the personal property described above, namely entire

27 amount of $8,618,647.00, plus interest, plus loss of use of funds, and all damages that will be

28 proven before this Court;

CLAIM & PETITION TO DETERMINE VALIDITY OF INTEREST IN PROPERTY

1   2.      Order the United States of America to disclose to the Petitioner all documents and evidence

2   to support its claim and entitled to lawful retention of the funds;

3   3.      Award all other relief as the Court deems proper.

4   Date: O4 - 20 - 2022              LAW OFFICES OF JOVI USUDE:

5

6                                      By:_____
                                       JOVI USUDE, ATTORNEY FOR
7                                      PETITIONER THE FEDERAL REPUBLIC OF NIGERIA.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLAIM & PETITION TO DETERMINE VALIDITY OF INTEREST IN PROPERTY

1          PROOF OF SERVICE BY MAIL

2          I certify that I am a resident of Los Angeles County, I am over the age of eighteen (18) and not
   a party to the within action, and that my business address is: 4311 Wilshire Boulevard, #411, Los
3  Angeles California 90010.

4          On April 20, 2022, I served the within:

5                  CLAIMANT THE FEDERAL REPUBLIC OF NIGERIA'S CLAIM AND
                   PETITION FOR HEARING TO DETERMINE VALIDITY OF THE
6                  PETITIONER'S CLAIM IN FORFEITURE IN REM,

7          On all interested parties in this proceeding by placing a true and correct copy thereof
   enclosed in a sealed envelope with postage pre-paid in the United States Mail at Los Angeles,
8  California, addressed as follows:

9  BENJAMIN B. WAGNER, ESQ.
   UNITED STATES ATTORNEY
10 ASSISTANT UNITED STATES ATTORNEY
   UNITED STATES COURTHOUSE
11 2500 TULARE STREET, SUITE 4401
   FRESNO CALIFORNIA 93721
12 TEL.: 559-497-4000; 559-497-4099

13 ROGER D. WILSON, ESQ.
   LAW OFFICES OF ROGER D. WILSON
14 2377 WEST SHAW AVENUE, SUITE 208
   FRESNO CALIFORNIA 93711
15 TEL.: 559-233-4100; 559-746-7200

16         I certify under penalty of perjury that the foregoing is true and correct.

17         Executed this April 20, 2022, at Los Angeles, California.

18

19                                      _____
                                        Claudia. Briseno
20

21

22

23

24

25

26

27

28