PHILLIP A. TALBERT
United States Attorney
JEFFREY A. SPIVAK
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
(559) 497-4000 Telephone
(559) 497-4099 Facsimile

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPROXIMATELY $3,801,034.94 IN U.S. CURRENCY SEIZED FROM CITIBANK ACCOUNT NUMBER 206054579 HELD IN THE NAME OF ARTHUR AVE. CONSULTING, INC., *et al.*,<br><br>　　　　Defendants. | CASE NO. 1:15-CV-00954-ADA-EPG<br><br>ORDER RE: STIPULATION TO STAY FURTHER PROCEEDINGS<br><br>(ECF No. 73) |

**INTRODUCTION**

The United States, claimant The Federal Republic of Nigeria ("Government of Nigeria"), and claimants Ara G. Dolarian, Arthur Ave. Consulting, Inc., Martel 3D LLC, and Dolarian Capital, Inc. (the "Dolarian Claimants" and together with Government of Nigeria, collectively, the "Claimants"), hereby stipulate that a stay of the instant action is necessary, and request that the Court enter an order staying all further civil forfeiture proceedings in this case in favor on ongoing criminal forfeiture proceedings ongoing in the related criminal case *United States v. Ara G. Dolarian*, 1:19-CR-00138-JLT-SKO. The seized assets in the related criminal case are the same assets that are the subject of this civil forfeiture case and, thus, resolution of the criminal forfeiture case will be dispositive of this civil asset forfeiture case.

1

## FACTS

On March 8, 2023, Defendant Ara G. Dolarian was sentenced in his criminal case. As a matter of law, the amended preliminary order of forfeiture, filed on January 29, 2020, became final as to the defendant at sentencing and, as a result, his interest in any of the seized assets is forfeited.[1]

The government now will be litigating any third party claims to the seized assets. *See* Rule 32.2(b)(6)(A) ("If the court orders the forfeiture of specific property, the government must publish notice of the order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.") If necessary, and after conducting discovery (which may take 6-12 months), the government may need to litigate any third party claims in an ancillary proceeding before Dolarian's sentencing judge, the Honorable Jennifer L. Thurston. *See* Rule 32.2(c)(A) ("If . . . third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding, but no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment).

Once all third-party interests are resolved, the government will obtain a final order of forfeiture, the forfeiture case will be concluded, and, at that time, the government intends to dismiss this case.

## LAW

Title 18 U.S.C. § 981(g)(1) provides for a stay of civil asset forfeiture proceedings if government can show civil discovery will adversely affect criminal case. *United States v. Approx. $6,658.92 in U.S. Currency*, No. 1:13-cv-01674-AWI-SAB, 2015 WL 7750619 (E.D. Cal. Dec. 2, 2015), r. & r. adopted, No. 1:13-cv-01674-AWI-SAB (E.D. Cal. Dec. 23, 2015) (where government presented evidence that proceeding with civil discovery in forfeiture action will affect a related criminal case, stay of forfeiture action was appropriate); *United States v. 2008 Audi R8 Coupe Quattro*, 866 F. Supp. 2d 1180, 1184 (C.D. Cal. 2011) (court granted stay based on showing potential interference with criminal case even though defendant pleaded guilty and was awaiting sentencing).

//

---

[1] Pursuant to his plea agreement, Dolarian agreed to forgo any further claim to the seized assets. The government believes Dolarian will be filing a motion with withdraw his claim and answer in this case – personally, and on behalf of all Dolarian Claimants. But because that has not yet happened, the government has included the Dolarian Claimants in this stipulation.

# **STIPULATION**

1. The government has represented that civil proceedings could interfere with the ongoing criminal case because it would create duplicable and potentially conflicting discovery and proceedings. A stay would also result in substantial judicial economy because the criminal case will likely be completely dispositive of this case.

2. Thus, the parties request that the Court continue the stay in this matter for approximately six months, until September 24, 2023 (or a date convenient to the Court).

3. If the criminal case resolves this case sooner than September 2023, the parties will inform the Court promptly.

Respectfully submitted,

Dated:  March 15, 2023        PHILLIP A. TALBERT
United States Attorney

By:   /s/ Jeffrey A. Spivak
JEFFREY A. SPIVAK
Assistant U.S. Attorney

Dated:  March 15, 2023        /s/ George B. Newhouse, Jr.
GEORGE B. NEWHOUSE, JR.
Attorney for Dolarian Claimants
(approved by email 3/15/2023)

Dated:  March 15, 2023        /s/ Jovi Usude
JOVI USUDE
Attorney for Claimant
The Federal Republic of Nigeria
(approved by phone 3/15/2023)

**ORDER**

Based on the parties' stipulation (ECF No. 73), IT IS ORDERED that:

1. This matter is STAYED until September 24, 2023, pursuant to Title 18, United States Code, Section 981(g)(1) and in accordance with the terms of this stipulation.
2. Accordingly, the scheduling conference currently set for March 23, 2023, is VACATED;
3. The parties shall file a joint status report by no later than September 18, 2023, advising the Court whether a further stay is necessary or that this action may be dismissed.

IT IS SO ORDERED.

Dated: __March 16, 2023__                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE